IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSSEL CARDONA, on behalf of himself and other persons similarly situated,<br>　　　　Plaintiff,<br><br>vs.<br><br>GIMAC DIVISION INC and CAROLINA ALZATE,<br>　　　　Defendants. | Case No.:<br><br><br><br>COLLECTIVE ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff Rossel Cardona, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants Gimac Division Inc and Carolina Alzate.

## NATURE OF THE ACTION

1. This is an action by Rossel Cardona ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a general construction laborer by Defendants Gimac Division Inc and Carolina Alzate ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

**JURISDICTION**

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

**VENUE**

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

**PARTIES**

**Plaintiff Rossel Cardona**

5. Plaintiff is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately April 2017 and worked for Defendants until approximately June 2017.

7. Plaintiff worked at jobsites for Defendants in the Greater New Orleans Area. Each of Defendants' worksites were populated by at least twelve other laborers.

8. Plaintiff worked as a laborer. In connection therewith, Plaintiff performed duties related to framing and installing sheetrock.

9. Defendants paid Plaintiff $17.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $17.00 per hour.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Defendant Gimac Division Inc**

11. Defendant Gimac Division Inc ("Gimac") is a corporation organized under the laws of Florida with its principal place of business in New Orleans, Louisiana.

12. Gimac is a labor subcontractor. Gimac specializes in providing labor to other drywall contractors. Gimac's laborers perform duties such as installing drywall, insulation, and other related activities.

13. Gimac supervised the day to day work activities of Plaintiff.

14. Gimac determined Plaintiff's work schedule for the employment at issue herein.

15. Gimac maintains an employment file for Plaintiff.

16. Gimac is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. Gimac is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Carolina Alzate

18. Defendant Carolina Alzate is the owner and President of Defendant Gimac.

19. At all pertinent times herein Defendant Carolina Alzate had the authority to hire and fire Gimac employees, including the Plaintiff herein.

20. At all pertinent times herein Defendant Carolina Alzate maintained executive authority over the jobs Gimac employees were provided, including the location, duration, and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

21. Defendant Gimac is a commercial drywall subcontractor that provides labor for construction projects in the Greater New Orleans Area.

22. Defendants employed at least twelve manual laborers at their jobsites.

COLLECTIVE ACTION COMPLAINT - 3

23. Plaintiff normally worked more than forty hours a week for Defendants. On average, Plaintiff worked at least 56 hours per week. Defendants often required Plaintiff to work at least six days per week.

24. Plaintiff was paid by checks bearing the name "Gimac Division Inc"

25. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

26. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

27. Defendants paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed.

28. Defendants treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

29. When the named Plaintiff and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
### Fair Labor Standards Act – FLSA Overtime Class

30. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

31. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants

COLLECTIVE ACTION COMPLAINT - 4

during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

32. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least November 2014 and continuing until the present.

33. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

### JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Emily A. Westermeier*
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*eaw@beaumontcostales.com*

*Attorneys for Plaintiff*