UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROSSEL CARDONA, ET AL., Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-11665 |
| GIMAC DIVISION INC, ET AL., Defendants | SECTION: "E"(2) |

## ORDER AND REASONS

Before the Court is a motion to dismiss Plaintiffs' claims against Defendants CMC Drywall, Inc. ("CMC") and Tulio Murillo pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, a motion for summary judgment on the same claims, filed by Defendants CMC and Murillo.[1] Plaintiffs filed an opposition,[2] but subsequently moved to withdraw it.[3] The Court granted the motion to withdraw.[4] Accordingly, the Court considers the motion to be unopposed. For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

On November 1, 2017, Plaintiff Rossel Cardona filed the instant action, on behalf of himself and others, against Defendants Gimac Division, Inc. ("Gimac") and Carolina Alzate,[5] the owner and president of Gimac,[6] a commercial drywall subcontractor.[7] He alleged Defendants Gimac and Alzate employed them and failed to pay them overtime wages,[8] in violation of the Fair Labor Standards Act ("FLSA").[9]

---

[1] R. Doc. 33.
[2] R. Doc. 35.
[3] R. Doc. 63.
[4] R. Doc. 67.
[5] R. Doc. 1.
[6] *Id.* at 4, ¶ 31.
[7] *Id.* at 3, ¶ 21.
[8] *Id.* at 4–5,
[9] 29 U.S.C. § 201, *et seq.*

1

On November 13, 2017, Cardona filed his First Amended Complaint, joining CMC and Murillo as Defendants.[10] He alleged CMC was a commercial drywall contractor that engaged Gimac for several construction projects.[11] Cardona alleged CMC supervised his work and determined his work schedule.[12] He also alleged Murillo was an owner of CMC who had authority to hire and fire CMC employees, including him.[13]

On December 28, 2017, CMC and Murillo filed a motion to dismiss or, in the alternative, a motion for summary judgment, arguing Plaintiff had failed to state a claim under the FLSA.[14] Specifically, they argued (1) Plaintiff had alleged no facts supporting his claim that he was employed by CMC; (2) Plaintiff had not sufficiently pled FLSA coverage; (3) Plaintiff had not sufficiently alleged that he worked over 40 hours; and (4) Plaintiff had not alleged sufficient facts to bring a collective action.[15] On March 26, 2018, the Court granted Plaintiff leave to amend his complaint.[16] Plaintiff filed his Second Amended Complaint on April 5, 2018, joining as Plaintiffs Selvi Gonzalez and Ronald Pastrana.[17] The Second Amended Complaint included the allegations that "CMC monitored Plaintiffs' hours by having them sign in and out on a time sheet" and that Defendants "jointly employed at least twelve manual laborers."[18] Accordingly, the Court dismissed CMC and Murillo's motion to dismiss without prejudice as moot.[19]

---

[10] R. Doc. 4.
[11] *Id.* at 4, ¶¶ 22.
[12] *Id.* at ¶¶ 23–24.
[13] *Id.* at ¶¶ 28–29.
[14] R. Doc. 10-1 at 1.
[15] *Id.* at 5–12.
[16] R. Doc. 28.
[17] R. Doc. 29.
[18] *Id.* at 5, ¶ 38; 6, ¶ 49.
[19] R. Doc. 30.

On April 17, 2018, CMC and Murillo filed the instant motion.[20] They style the motion as a "motion to dismiss or alternatively motion for summary judgment."[21] The Court finds that, although the motion on its face challenges the sufficiency of the factual allegations in the Second Amended Complaint, it principally addresses disputed issues of fact. For example, the motion argues at length that Plaintiffs fail to establish they were employed by CMC because they have not alleged facts to establish employment, but includes arguments about various facts relevant to the legal issue of whether CMC employed Plaintiffs.[22] Such arguments are appropriately brought in a motion for summary judgment. Accordingly, the Court construes the instant motion as a motion for summary judgment.

Plaintiffs filed an opposition to CMC and Murillo's motion.[23] They later moved to withdraw their opposition,[24] and the Court granted the motion to withdraw.[25] The Court considers the motion to be unopposed and the statement of uncontested facts filed by CMC and Murillo to be admitted, pursuant to Local Rule 56.2.[26] Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Plaintiffs have shown they are entitled to judgment as a matter of law.[27]

The Court considers the following facts pleaded by Defendants CMC and Murillo to be admitted. CMC did not contract with Gimac to supply personnel for any CMC job.[28] None of the Plaintiffs completed an employment application with CMC or was hired by

---

[20] R. Doc. 33.
[21] *Id.*
[22] R. Doc. 33-1 at 4–12.
[23] R. Doc. 35.
[24] R. Doc. 63.
[25] R. Doc. 67.
[26] L.R. 56.2 ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.").
[27] *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[28] R. Doc. 60 at 1, ¶ 1.

CMC, and CMC has no employment files for them.[29] CMC did not schedule Plaintiffs to work on any CMC job, did not supervise their work, and has no record of paying them.[30]

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[31] "An issue is material if its resolution could affect the outcome of the action."[32] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[33] All reasonable inferences are drawn in favor of the non-moving party.[34] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[35]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must

---

[29] *Id.* at ¶¶ 2, 3.
[30] *Id.* at 2, ¶¶ 4, 5, 8.
[31] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. 317, 322–23 (1986).
[32] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[33] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[34] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[35] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[36]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[37] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[38] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[39] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[40]

---

[36] *Celotex*, 477 U.S. at 322–24.
[37] *Id.* at 331–32 (Brennan, J., dissenting).
[38] *See id.* at 332.
[39] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[40] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

## LAW AND ANALYSIS

The FLSA requires "employers" to pay overtime wages to "employees."[41] "Employee" is defined as means "any individual employed by an employer."[42] "Employer" is defined, in relevant part, as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[43] The Fifth Circuit has held this definition is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees."[44] There may be "one or more joint employers, depending on the nature of their relationship. An employee alleging a violation of FLSA's overtime requirement has the burden of proving 'that there exists an employer-employee relationship' as part of his prima facie case."[45] Whether a person is an employer for purposes of the FLSA is a question of law.[46]

To determine whether a person is an FLSA employer, courts consider the "economic reality" of the situation and inquire into "whether the alleged employer:

(1) has the power to hire and fire the employees,
(2) supervised and controlled employee work schedules or conditions of employment,
(3) determined the rate and method of payment, and
(4) maintained employment records."[47]

To determine if a person is a *joint* employer, the Fifth Circuit has enumerated the following five factors:

(1) Whether or not the employment takes place on the premises of the company?;
(2) How much control does the company exert over the employees?;

---

[41] 29 U.S.C. § 207(a)(1).
[42] *Id.* at § 203(e)(1).
[43] *Id.* at § 207(d).
[44] *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (citation omitted).
[45] *Prince v. MND Hosp., Inc.*, No. CIV A H-08-2617, 2009 WL 2170042, at *5 (S.D. Tex. July 20, 2009) (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973); 29 C.F.R. 791.2(a)).
[46] *Id.* (citing *Reich*, 998 F.2d at 329).
[47] *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)

(3) Does the company have the power to fire, hire, or modify the employment condition of the employees?; employment condition of the employees?;
(4) Do the employees perform a 'specialty job' within the production line?; and
(5) May the employee refuse to work for the company or work for others?[48]

"The Court 'need not decide that [a] factor weighs against joint employment' in order to grant summary judgment; it must merely conclude that insufficient evidence exists in the record to establish employment."[49]

In the instant case the Court considers it undisputed that CMC did not hire Plaintiffs, did not supervise or control their work schedules, did not pay them or determine their rate and method of payment, and did not maintain employment records on them.[50] The Court does not have sufficient facts to determine whether the employment occurred on CMC's premises, whether Plaintiffs performed a "specialty job" or whether Plaintiffs could refuse to work for CMC. However, CMC did not exert control over Plaintiffs and could not fire or hire them. The economic reality of the situation was that CMC, and by extension Murillo, were not Plaintiffs' employers, whether joint employers or otherwise, for purposes of the FLSA.

Plaintiffs have failed to meet their burden of showing, by the preponderance of the evidence, that CMC and Murillo employed them for purposes of the FLSA. As a result, CMC and Murillo are entitled to summary judgment on Plaintiffs' claims against them.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss Plaintiffs' claims against Defendants CMC Drywall, Inc. ("CMC") and Tulio Murillo pursuant to Rule

---

[48] *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669–70 (5th Cir. 1968)
[49] *Artis v. Asberry*, No. CIV.A. G-10-323, 2012 WL 5031196, at *4 (S.D. Tex. Oct. 16, 2012) (Costa, J.) (citing *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 76–77 (2d Cir.2003)).
[50] R. Doc. 60 at 1, ¶¶ 2, 3; 2, ¶¶ 4, 5, 8.

7

12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, a motion for summary judgment on the same claims, filed by Defendants CMC and Murillo, be and hereby is **GRANTED**.[51]

**New Orleans, Louisiana, this 10th day of December, 2018.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[51] R. Doc. 33.