UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSSEL CARDONA, ET AL.,**<br>**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-11665** |
| **GIMAC DIVISION INC, ET AL.,**<br>**Defendants** | **SECTION: "E"(2)** |

## ORDER AND REASONS

Before the Court is the parties' Joint Motion to Approve Settlement.[1] For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

On November 1, 2017, Plaintiff Rossel Cardona filed the instant action, on behalf of himself and others, against Defendants Gimac Division, Inc. ("Gimac") and Carolina Alzate,[2] the owner and president of Gimac,[3] a commercial drywall subcontractor.[4] He alleged Defendants Gimac and Alzate employed them and failed to pay them overtime wages,[5] in violation of the Fair Labor Standards Act ("FLSA").[6]

On November 13, 2017, Cardona filed a First Amended Complaint, joining as Defendants CMC Drywall, Inc. ("CMC") and Tulio Murillo.[7] On April 5, 2018, Cardona filed a Second Amended Complaint, joining as Plaintiffs Selvi Gonzalez and Ronald Pastrana.[8] On April 10, 2018, Plaintiffs filed a motion for conditional class certification.[9]

---

[1] R. Doc. 69.
[2] R. Doc. 1.
[3] *Id.* at 4, ¶ 31.
[4] *Id.* at 3, ¶ 21.
[5] *Id.* at 4–5,
[6] 29 U.S.C. § 201, *et seq.*
[7] R. Doc. 4.
[8] R. Doc. 29.
[9] R. Doc. 31.

1

The putative class was defined as "[a]ll individuals who worked or are working performing manual labor for Gimac Division Inc. and/or CMC Drywall, Inc. during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation."[10] Defendants oppose the motion for conditional class certification.[11] Conditional certification as a collective action has not been granted. On May 1, 2018, Plaintiffs' counsel filed a notice of class member consent forms by Tomas Garcia and Walter Urbina.[12]

On January 11, 2019, the parties filed the instant motion.[13] They represent a settlement agreement has been reached between Plaintiffs Cardona, Pastrana, Gonzalez, Garcia, and Urbina and Defendants Gimac, Alzate, CMC, and Murillo.[14] They represent the agreed amounts were "calculated according to the testimony of each Plaintiff relative to the unpaid overtime hours [he] claim[s] to have worked."[15] Defendants agree to pay Plaintiffs $3,098, divided among Plaintiffs in amounts specified in the agreement, half of which is paid for each Plaintiff's overtime wage claim, and half is being paid for each Plaintiff's liquidated damage claim.[16] Defendants agree to pay Plaintiffs' counsel $6,902 for attorneys' fees and costs.[17] Plaintiffs and their counsel represent they believe the settlement is a "fair, adequate and reasonable resolution of disputed claims."[18]

---

[10] R. Doc. 31-1 at 5.
[11] R. Doc. 34.
[12] R. Doc. 42.
[13] R. Doc. 69.
[14] *Id.* On December 10, 2018, the Court granted a motion for summary judgment in favor of Defendants CMC and Murillo and against Plaintiffs. R. Doc. 68. As a result, the only remaining Defendants in this case are Gimac and Alzate.
[15] R. Doc. 69 at 2, ¶ 10.
[16] *Id.* at ¶¶ 11–12.
[17] *Id.* at ¶¶ 15.
[18] *Id.* at ¶ 11.

## **STANDARD OF LAW**

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under [29 U.S.C. § 216(b)]."[19] This is true whether or not the action has been certified as a collective action.[20] "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[21] The Court must scrutinize the proposed settlement agreement to verify that parties are not circumventing the "clear FLSA requirements" by entering into a settlement agreement.[22] When deciding whether to approve a proposed settlement, the Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable.[23]

## **ANALYSIS**

### I. The Settlement is the Product of a Bona Fide Dispute

When deciding whether a bona fide dispute exists, the Court considers whether there is a "genuine dispute as to the Defendant's liability under the FLSA,"[24] as "[w]ithout a bona fide dispute, no settlement could be fair and reasonable."[25] This is particularly true in an "FLSA [action because its provisions] are mandatory, and not subject to

---

[19] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[20] *Id.* at 719 ("[A] court must approve any settlement of claims brought under § 216(b) even if there is only one plaintiff.") (citing *Walker v. Home at Last of Brevard, Inc.*, 2007 WL 2698535 (M.D.Fla. 9/12/07); *Russell v. Circle L Roofing, Inc.*, 2007 WL 1549307 (M.D.Fla. 5/28/07); *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260 (M.D.Ala.2003)).
[21] *Id.*
[22] *See id.*
[23] *Domingue v. Sun Electric & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La Apr. 26, 2010).
[24] *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 11, 2016).
[25] *Collins*, 568 F. Supp. 2d at 719.

3

negotiation and bargaining between employers and employees."[26]

The Court finds a bona fide dispute exists between Plaintiff and Defendants with regard to whether Defendants violated the FLSA. In the Second Amended Complaint, Plaintiffs allege they were not paid overtime wages, as required by the FLSA.[27] Although Defendants have not filed responsive pleadings addressing these factual allegations directly, they have filed motions to dismiss,[28] a motion to strike Plaintiffs' declarations,[29] and an opposition to Plaintiffs' motion for conditional class certification.[30] The Court finds this sufficient to conclude that, in this case, there was "aggressive prosecution and strenuous defense" to prove a bona fide dispute.[31]

## II. The Settlement is Fair and Reasonable

In determining whether a negotiation is fair and reasonable under the FLSA, courts are guided by *Reed v. General Motors Corporation*, in which the Fifth Circuit enumerated factors to determine whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure.[32] Courts, however, "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims."[33] There are six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on

---

[26] *Allen*, 2016 WL 614687, at *1.
[27] R. Doc. 29 at 6–7, ¶¶ 46–52.
[28] R. Docs. 10, 16, 32, 33.
[29] R. Doc. 41.
[30] R. Doc. 36.
[31] *See Atkins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).
[32] *Allen*, 2016 WL 614687, at *2; *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *see also Collins*, 568 F. Supp. 2d at 722 (noting "Rule 23 does not control FLSA collective actions, [but] many courts have adopted many of Rule 23's procedures" given the court's discretion under §216(b)).
[33] *Collins*, 568 F. Supp. 2d at 722.

the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[34]

### A. Existence of fraud or collusion behind the settlement

With respect to the "fraud or collusion" factor, there are several presumptions that guide a court's determination of whether a settlement is fair and reasonable. "[T]here is a strong presumption in favor of finding a settlement fair,"[35] and, absent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.[36] In light of these presumptions, however, "it is clear that the court should not give rubber-stamp approval."[37] The Court notes that, under the Settlement Agreement, Plaintiffs will receive $3,098, and Plaintiffs' counsel will receive $6,902 in attorneys' fees and costs.[38] As explained herein, the Court finds the settlement amount reasonable in light of Plaintiffs' factual allegations. The Court has found no indication of fraud or collusion. The parties have engaged in discovery, motions practice, and negotiations to resolve this matter. This factor indicates the settlement is fair and reasonable.

### B. Complexity, expense, and likely duration of the litigation

The instant case has been pending for more than fifteen months. The Court has scheduled a five-day bench trial for the case, to begin on April 22, 2019.[39] If a collective action were certified, there would be numerous issues of fact that would contribute to the complexity, expense, and duration of the litigation. The Court finds that the unresolved issues and the complexity of the litigation indicate the settlement is fair and reasonable.

---

[34] *Id.* (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).
[35] *Domingue*, 2010 WL 1688793, at *1 (internal quotations omitted).
[36] *Akins*, 2014 WL 1456382, at *2.
[37] *Id.* (quoting 4 NEWBERG ON CLASS ACTIONS §11.41 (4th ed.)).
[38] R. Doc. 69 at 2, ¶¶ 11, 15.
[39] R. Doc. 46 at 12.

### C. Stage of the proceedings and the amount of discovery completed

A court will consider how much formal discovery has been completed for two reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . settlement is not collusive but arms-length."[40] The lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted.[41]

In this case, the parties represent they have "exchanged discovery" and that the settlement amount "was calculated according to the testimony of each Plaintiff relative to the unpaid overtime hours [he] claim[s] to have worked."[42] There are five Plaintiffs, and the parties have had a sufficient opportunity to engage in discovery and reach a good understanding of the strengths and weaknesses of their respective cases. The Court finds the Parties have litigated the case in an adversarial manner and are sufficiently familiar with the facts of this case to reach a fair settlement. This factor weighs in favor of finding the settlement fair and reasonable.

### D. Probability of Plaintiffs' success on the merits

Because the instant litigation is in its early stages, and Plaintiff's motion for conditional class certification is pending, it is uncertain whether Plaintiffs would be

---

[40] NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)
[41] *See id.*; *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982) (explaining that formal discovery is not "a necessary ticket to the bargaining table" where the parties and the court are adequately informed to determine the fairness of the settlement) (citing *In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 211 (5th Cir. 1981)).
[42] R. Doc. 69 at 2, ¶ 8, 10.

6

successful. The Parties have taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. The Court finds that, given the unresolved disputes between the parties and the stage at which this litigation remains, it is unclear whether and to what extent Plaintiffs would be meritorious. This factor indicates the settlement is fair and reasonable.

### E. Range of possible recovery

Defendants will pay Cardona, Gonzalez, Garcia, and Urbina $500 each and Pastrana $1098, which the parties represent is based on their respective testimony.[43] Have of each sum is for each Plaintiff's overtime wage claim, and half for his liquidated damages claim.[44] According to Plaintiffs' declarations attached to their motion for conditional class certification, Cardona and Gonzalez worked for Gimac from April 2017 to May 2017, during which time they worked an average of 56 hours per week.[45] Pastrana testifies he worked for Gimac from April 2017 to July 2017, during which time he worked an average of 60 hours per week.[46] Based on these factual allegations, the Court finds the settlement amounts within the range of possible recovery. As to Cardona, Pastrana, and Gonzalez, this factor weighs in favor of finding the settlement fair and reasonable.

The parties have not provided information about Garcia and Urbina's claims. As a result, the Court cannot ascertain whether the agreed-upon amounts are within a range of possible recovery for them. However, there is no evidence indicating the amount would not be within a range of possible recovery. As a result, this factor does not weigh for or

---

[43] *Id.* at ¶ 10.
[44] *Id.* at ¶ 12.
[45] R. Doc. 31-2 at 1, ¶¶ 2, 6; R. Doc. 31-4 at 1, ¶¶ 2, 6.
[46] R. Doc. 31-2 at 1, ¶¶ 2, 6.

7

against a finding that the settlement is fair and reasonable.

*F. Opinions of class counsel, class representatives, and absent class members*

No class has been certified. As a result, there are no "absent class members." The Parties jointly seek judicial approval of a settlement agreement that addresses a bona fide dispute and was negotiated in good faith. The Court finds the final factor indicates the settlement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Joint Motion to Approve Settlement be and hereby is **GRANTED** and that the Parties' settlement agreement is **APPROVED**.[47]

**New Orleans, Louisiana, this 20th day of February, 2019.**

                                            **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[47] R. Doc. 131.